# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMHITA GERA, Derivatively on Behalf of Nominal Defendant UIPATH, INC., | Case No. 1:24-CV-05157-JPC-SDA |
| Plaintiff, | |
| v. | |
| DANIEL DINES, ROBERT ENSLIN, ASHIM GUPTA, PHILIPPE BOTTERI, MICHAEL GORDON, DANIEL SPRINGER, LAELA STURDY, KARENANN TERRELL, RICHARD P. WONG, and JUNE YANG | |
| Defendants, | |
| and | |
| UIPATH, INC., | |
| Nominal Defendant. | |

[*Caption continued on next page*]

| | |
|---|---|
| CLIFTON MURIE, derivatively on behalf of UIPATH, INC.,<br><br>          Plaintiff,<br><br>          vs.<br><br>PHIILIPPE BOTTERI, MICHAEL GORDON, DANIEL SPRINGER, LAELA STURDY, KARENANN TERRELL, RICHARD P. WONG, JUNE YANG, DANIEL DINES, ROBERT ENSLIN, and ASHIM GUPTA,<br><br>          Defendants,<br><br>          and<br><br>UIPATH, INC.,<br><br>          Nominal Defendant. | Case No. 1:25-CV-03497-JPC-SDA |

## STIPULATION AND [PROPOSED] ORDER LIFTING THE STAYS, CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND APPLYING STAY TO CONSOLIDATED ACTION

WHEREAS, July 8, 2024, plaintiff Samhita Gera ("Plaintiff Gera") filed a shareholder derivative action on behalf of nominal defendant UiPath, Inc. ("UiPath" or the "Company") in this Court alleging causes of action for breaches of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and violations of Sections 14(a), 10(b), 20(a), and 21(D) of the Securities Exchange Act of 1934 (the "Exchange Act") against defendants Daniel Dines ("Dines"), Robert Enslin ("Enslin"), Ashim Gupta ("Gupta"), Philippe Botteri ("Botteri"), Michael Gordon ("Gordon"), Daniel Springer ("Springer'), Laela Sturdy ("Sturdy"), Karenann Terrell ("Terrell"), Richard P. Wong ("Wong"), and June Yang ("Yang") (the "Individual Defendants" and, together with the Company, "Defendants") captioned *Gera v. Dines et al*, Case No. 1:24-CV-05157-JPC-SDA (the "*Gera* Action");

2

WHEREAS, on April 28, 2025, plaintiff Clifton Murie (together with Plaintiff Gera, "Plaintiffs")[1] filed a shareholder derivative action on behalf of nominal defendant UiPath in this Court alleging causes of action for breach of fiduciary duties, gross mismanagement, waste of corporate assets, unjust enrichment, aiding and abetting breach of fiduciary duties, and violations of Sections 14(a) and 10(b) of the Exchange Act against the Individual Defendants, and alleging a cause of action against Defendants Gupta and Wong for insider trading, captioned *Clifton Murie v. Philippe Botteri et al*, Case No. 1:25-CV-03497-JPC-SDA (the "*Murie* Action" and together with the *Gera* Action, the "Related Derivative Actions");

WHEREAS, on July 26, 2024, Plaintiff Gera and Defendants filed a Stipulation to Stay Derivative Action in the *Gera* Action (the "*Gera* Stipulation") (*Gera* Action, ECF No. 12);

WHEREAS, on July 29, 2024, the Court entered an order granting a stay of the *Gera* Action pursuant to the terms of the *Gera* Stipulation (the "*Gera* Stay") (*Gera* Action, ECF No. 13);

WHEREAS, pursuant to the Stay, the *Gera* Action is stayed "until the date ('Termination Date') that is the earlier of: (a) resolution of the Motion to Dismiss in [related securities class action pending in this Court captioned *In re UiPath Securities Litigation*, Case No. 1:24-CV-04702-JPC ("Securities Class Action")]; (b) an order of this Court lifting the stay ordered hereunder; or (c) 10 days after either Defendants or Plaintiff provides notice to terminate via email to undersigned counsel for the other Party." (*Gera* Action, ECF Nos. 12, 13);

WHEREAS, on May 23, 2025, Plaintiff Murie and Defendants filed a Stipulation to Stay Derivative Action in the *Murie* Action (the "*Murie* Stipulation") (*Murie* Action, ECF No. 25);

---

[1] Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

3

WHEREAS, on May 27, 2025, the Court entered an order granting a stay of the *Murie* Action pursuant to the terms of the *Murie* Stipulation (the "*Murie* Stay") (*Murie* Action, ECF No. 26);

WHEREAS, the terms of the *Murie* Stay are substantively similar to those of the *Gera* Stay (*Murie* Action, ECF Nos. 25, 26);

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHERAS, the Parties agree that the *Gera* Stay and the *Murie* Stay should be temporarily lifted for the sole and limited purpose of facilitating the consolidation of the Related Derivative Actions and the appointment of leadership for plaintiffs and then staying the consolidated action;

WHEREAS, the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C., the resume of which is attached hereto as Exhibit A, and Gainey McKenna & Egleston the resume of which is attached hereto as Exhibit B, shall be designated as Co-Lead Counsel for plaintiffs in the consolidated derivative action; and

WHEREAS, Defendants take no position regarding the appointment of co-lead counsel for Plaintiffs;

WHEREAS, the Parties agree that, after the Related Derivative Actions are consolidated and leadership for plaintiffs has been appointed, the consolidated action shall be stayed under the same terms and for the same duration as the Stay in the *Gera* Action (*see Gera* Action, ECF Nos.

12, 13);

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, to lift the stays in the *Gera* Action and in the *Murie* Action, consolidate the Related Derivative Actions, appoint Co-Lead Counsel for plaintiffs in the consolidated action, and apply the *Gera* Stay to the consolidated action pursuant to the following terms:

1.     The stays in the *Gera* Action and in the *Murie* Action are temporarily lifted for the sole and limited purpose of permitting the Parties to file, and the Court to rule on, this stipulation.

2.     The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 1:24-CV-05157-JPC-SDA (the "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Gera v. Dines et al* | 1:24-CV-05157-JPC-SDA | July 8, 2024 |
| *Murie  v. Botteri et al* | 1:25-CV-03497-JPC-SDA | April 28, 2025 |

3.     Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE UIPATH, INC. DERIVATIVE LITIGATION | Lead Case No. 1:24-CV-05157-JPC-SDA |
| _____ | (Consolidated) |
| This Document Relates to:<br><br>ALL ACTIONS | |

4.      All papers filed in connection with the Consolidated Action will be maintained in

one file under Lead Case No. 1:24-CV-05157-JPC-SDA.

5.      Co-Lead Counsel for plaintiffs in the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

**GAINEY MCKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
Christopher M. Brain
260 Madison Ave., 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com
Email: cbrain@gme-law.com

6.      Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in

the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement

negotiations and shall make all work assignments in such manner as to facilitate the orderly and

efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7.      Co-Lead Counsel will be responsible for coordinating all activities and appearances

on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will

be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8.      Counsel for all of the Defendants may rely upon all agreements made with Co-Lead

Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall

be binding on all plaintiffs.

9.      This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re UiPath, Inc. Derivative Litigation*, Lead Case No. 1:24-CV-05157-JPC-SDA, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re UiPath, Inc. Derivative Litigation*, Lead Case No. 1:24-CV-05157-JPC-SDA, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving UiPath filed in this Court, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

10.     All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

11.     All proceedings in the Consolidated Action, including all deadlines, hearings, and conferences, shall be stayed according to the terms, and during the pendency, of the Stay in the *Gera* Action (ECF Nos. 12, 13), and the Stay order entered in the *Gera* Action applies in all respects to the Consolidated Action.

12.     This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

**IT IS SO STIPULATED.**

DATED: July 22, 2025

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

*/s/ Timothy Brown*

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Samhita Gera and [Proposed] Co-Lead Counsel for Plaintiffs*

**GAINEY MCKENNA & EGLESTON**

*/s/ Gregory M. Egleston*

Thomas J. McKenna
Gregory M. Egleston
Christopher M. Brain
260 Madison Ave., 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com
Email: cbrain@gme-law.com

*Counsel for Plaintiff Clifton Murie and [Proposed] Co-Lead Counsel for Plaintiffs*

**DAVIS POLK & WARDWELL LLP**

*/s/ Edmund Polubinski*

Edmund Polubinski
Patrick Blakemore
Marie Killmond
450 Lexington Ave
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5666
Email: edmund.polubinski@davispolk.com
Email: patrick.blakemore@davispolk.com
Email: marie.killmond@davispolk.com

8

*Attorneys for Defendants*

\*      \*      \*

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  July 23, 2025

_____
The Hon. Stewart D. Aaron
United States Magistrate Judge